## Borough of Royersford v. Seiscio

*Parke H. Ulrich*, for plaintiff.

*Louis Sager*, for defendant.

GROSHENS, P. J., November 21, 1967.—On May 13, 1967, defendant was convicted before a justice of the peace for violating Royersford Borough Ordinance No. 395, regulating the operation of pool rooms. Thereafter, this appeal was filed, and a hearing was held on July 11, 1967.

There is little dispute as to the facts in this case. Defendant owns and operates premises situate on Main Street, in Royersford, known as "Tony's Ter-

rific Pizza". This is a one-room operation licensed as a restaurant, approximately 17 feet wide and 35 feet long. Approximately one-half the room is occupied by a counter, stools, stoves and the usual cooking paraphernalia. In the rear of the room are amusement devices, including two pinball machines, a cigarette machine, a juke box, a television set and a four-foot by six-foot pool table.

The borough contends that defendant's premises comes within its pool room ordinance, which provides, in part:

"Section 1. The term 'pool room', . . . as used in this Ordinance, shall mean any pool room . . . located in the Borough of Royersford, to which the public is admitted, either free of charge or upon payment of a fee.

"Section 3. No person who shall conduct or operate any pool room . . . shall allow such pool room . . . to remain open or any game of pool or billiards to be played therein . . . at any time on Sunday; or on any other day or days between the hours of 11:00 o'clock P.M. and 7:00 o'clock A.M. of the following day.

"Section 5. No person shall knowingly allow or permit any person under the age of eighteen (18) years to be present in any public pool room or billiard room".

Defendant admits he has permitted persons under 18 years of age to play pool, and has allowed the pool table to be used on Sunday, but contends the ordinance does not apply. The sole issue in this appeal is whether defendant's premises can be termed a "pool room", because of the presence therein of one four-foot by six-foot pool table.

It is clear that defendant's prime purpose in opening his establishment was to sell pizza, and the usual assortment of steaks, hoagies, etc. Moreover, the tes-

timony indicates that the primary attraction of the establishment is food. Witnesses stated that 95 percent of their time spent on the premises was purely to satisfy their gastronomical desires. Further, defendant testified that the income from the pool table was approximately $100 per month, while his income from the restaurant as a whole was $5,000 per month. Simple mathematics leads us to the conclusion that less than one-fiftieth of the income from the entire business was derived from the operation of the pool table.

Webster's Seventh New Collegiate Dictionary defines "pool room" as "a room for the playing of pool". Although there does not seem to be any explicit qualification that the room be exclusively or primarily used for pool, it would seem that a room in which only five per cent of a patron's time is dedicated to pool, and which renders only one-fiftieth of the proceeds of all the money-making devices and activities in the room, could not be termed simply "a room for the playing of pool".

Under these circumstances, we have no difficulty in holding defendant's business does not come within the ordinance.

ORDER

And now, November 21, 1967, defendant is found not guilty, and the judgment of the justice of the peace is reversed.